Ramos, E.

PREET BHARARA
United States Attorney for the
Southern District of New York
By: NATASHA L. WAGLOW
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2528
Facsimile: (212) 637-2786
E-mail: natasha.waglow@usdoj.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: 10/7/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA,

                     Plaintiff,

    v.

FIRST GOLD COAST CORPORATION d/b/a
GOLD COAST TRADING COMPANY; DANIEL
AHENKORA, President,

                     Defendants.
------------------------------------------------------------x

**CONSENT DECREE**

15 Civ. No. 07854

WHEREAS, this action is brought by Plaintiff, the United States of America, on behalf of the United States Department of Agriculture ("USDA"), against Defendants First Gold Coast Corporation, doing business as Gold Coast Trading Company ("Gold Coast"), and Daniel Ahenkora ("Ahenkora") (collectively, "Defendants"), by filing a complaint in this Court (the "Complaint"), seeking permanent injunctive relief enjoining Defendants, their successors and assigns, their agents and employees, and those persons in active concert or participation with them, whether directly or indirectly, from committing violations of the Federal Meat Inspection Act, as amended, 21 U.S.C. §§ 601 *et seq.* ("FMIA"), and the Poultry Products Inspection Act, as amended, 21 U.S.C. §§ 451 *et seq.*; and

WHEREAS, the parties wish to settle this action in its entirety without further litigation and pursuant hereto, and consent to the entry by the Court of the following provisions (hereinafter, the "Consent Decree") as judgment in this action.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over the subject matter in the Complaint and has personal jurisdiction over all the parties to this action.

2. Defendants have engaged in the conduct set forth in paragraphs 22 through 37 of the Complaint, a copy of which is annexed hereto as Exhibit A.

3. Gold Coast, Ahenkora, and their members, officers, agents, servants, representatives, employees, successors and assigns, and any persons in active concert or participation with them directly or indirectly, are permanently enjoined from: (a) selling, transporting, offering for sale or transport, or receiving in commerce any uninspected or misbranded poultry, meat, or meat food products required to be inspected, branded, and passed by the USDA; and/or (b) engaging in any other conduct that would violate the FMIA, the PPIA, and/or the regulations promulgated thereunder.

4. Gold Coast, Ahenkora, and their members, officers, agents, servants, representatives, employees, successors and assigns shall prepare and maintain, for each product containing poultry or meat in any form and quantity that Defendants sell, transport, offer for sale or transportation, or receive in commerce, records showing the source of the poultry, meat, or meat product. These records shall be maintained at Gold Coast's business premises where such product is sold, transported, offered for sale or transportation, or received in commerce.

5. Defendants shall at all reasonable times afford to representatives of the USDA full access to Gold Coast's business premises. Full access shall include full and unimpeded

opportunity to inspect and examine the facility, inventory, and records and to copy records and to take reasonable samples of inventory. All reasonable times shall include any hours when Gold Coast does business, including hours before dawn where applicable, in which case the USDA representatives shall present credentials to the manager on the premises.

6. In addition to the right of entry provided to the USDA in Paragraph 5, authorized representatives of the USDA shall have the right to seize and destroy any and all uninspected or misbranded poultry, meat, and meat products that are found on Gold Coast's business premises where such products are sold, transported, offered for sale or transportation, or received in commerce.

7. If Defendants sell, transport, or offer for sale or transport any poultry, meat and/or meat product in any form over 15 pounds, Defendants shall record the name and address of the purchaser of the product, the amount of the product purchased, the weight of the product purchased, and the invoice number, as well as a copy of the invoice issued for the sale of any poultry, meat, and/or meat product in any form over 15 pounds.

8. If Defendants transport, offer for sale or transport, or receive in commerce any product in violation of this Consent Decree, Defendants shall upon the first occasion of such violation pay to the United States the sum of five hundred dollars ($500.00) for each pound, or portion thereof, of uninspected or misbranded poultry, meat, or meat products. If there are further occasions of such violation, Defendants shall pay to the United States the sum of one thousand dollars ($1,000.00) for each pound, or portion thereof, of uninspected or misbranded poultry, meat, or meat products. These amounts shall be separate and apart from any other remedy that the United States may pursue for violations of this Consent Decree. Should enforcement proceedings beyond this Consent Decree be necessary, the United States shall recover from Defendants the court costs and expenses incurred by the Food Safety and

Inspection Service of the USDA in such proceedings, including investigation and preparation time.

9. This Consent Decree does not limit any rights or remedies available to the United States for any violation of the FMIA and its associated regulations, or any rights or remedies available to the United States for any criminal violations. Defendants hereby waive and shall not assert any defenses they may have to any criminal prosecution or administrative action relating to violations of this Consent Decree that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment to the Constitution, the Excessive Fines Clause in the Eighth Amendment to the Constitution, any statute of limitations or the doctrine of laches, this Consent Decree bars a remedy sought in such criminal prosecution or administrative action. Nothing in this Paragraph or any other provision of this Consent Decree constitutes an agreement by the United States concerning the characterization of payments from Defendants to the United States for purposes of the Internal Revenue laws, Title 26 of the United States Code.

10. The parties agree that nothing in this Consent Decree shall preclude any future regulatory or administrative action authorized by law, regulation or otherwise, including but not limited to the referral of any matter to any agency for possible criminal, civil, or administrative proceedings.

11. After Defendants and their members, officers, agents, servants, representatives, employees, successors and assigns have maintained continuous satisfactory compliance with all requirements of this Consent Decree, as well as all applicable provisions of the FMIA and the PPIA, for the earlier of either (i) a period of three years following the entry of the Consent Decree, or (ii) one year after the date Defendants successfully obtain a grant of federal inspection, Defendants may serve upon the United States a request for

termination of the Consent Decree ("Request for Termination"), explaining how they have satisfactorily complied with all such requirements, together with all necessary supporting documents. The parties shall thereafter confer informally concerning the Request for Termination and any disagreement that the parties may have as to whether Defendants and their members, officers, agents, servants, representatives, employees, successors and assigns have satisfactorily complied with the requirements for termination of the Consent Decree. If the United States agrees that the Consent Decree may be terminated, the parties shall submit, for the Court's approval, a joint stipulation terminating the Consent Decree. If the United States does not agree that the Consent Decree may be terminated, Defendants may file a motion with this Court seeking relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, provided, however, that Defendants will not file any such motion until sixty (60) days after service of the Request for Termination on the United States. Defendants must bear the burden of demonstrating to the Court that they have satisfactorily complied with all requirements of the Consent Decree and applicable provisions of the FMIA and the PPIA, and that there is good cause to terminate the Consent Decree under Rule 60(b).

12.     Defendants must provide a copy of this Consent Decree to each of their officers, directors, and employees within ten (10) days of the date of entry of this Consent Decree and must provide undersigned counsel for the United States with a sworn declaration of compliance, containing the information set forth below, within thirty (30) days of the date of entry of this Consent Decree. The sworn declaration must set forth the fact and manner of compliance with this paragraph and must identify the name and position of each person provided with a copy of this Consent Decree. If the person does not have a formal title, the sworn declaration must set forth after such person's name the function that such person performs.

13. Each party shall bear its own costs and attorney's fees, except as otherwise provided for by this Consent Decree.

14. For purposes of this Consent Decree, service upon the USDA and the United States must be accomplished by either hand delivery or by overnight delivery using a private carrier, *e.g.,* Federal Express, and shall be made to the following addresses:

    For the USDA:

    United States Department of Agriculture
    Food Safety and Inspection Service
    Office of Investigation, Enforcement and Audit
    Attention: Director, Enforcement and Litigation Division
    Stop Code 3753, PP3, Cubicle 243A
    1400 Independence Avenue, SW
    Washington, DC 20250

    For the United States:

    United States Attorney's Office
    Southern District of New York
    Attn: Natasha Waglow, Assistant United States Attorney
    86 Chambers Street, 3rd Floor
    New York, NY 10007

15. If Defendants are required to make any payment pursuant to this Consent Decree, Defendants will make such payment by electronic funds transfer pursuant to written instructions to be provided by the United States.

16. The Court retains jurisdiction to issue further decrees and orders as may be necessary to construe, carry out, modify, or enforce compliance with this Consent Decree, and should the Defendants fail to abide by and perform all the terms and conditions set forth herein or such further decree as may be entered in this action, the United States shall apply only to this Court for relief, and any alleged violation of this Decree shall be adjudicated by the Court.

Agreed and Consented to:

Dated: New York, New York
      September 4, 2015

PREET BHARARA
United States Attorney for the
Southern District of New York
*Attorney for Plaintiff United States of America*

By: _____
NATASHA L. WAGLOW
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2528

Dated: New York, New York
      September __, 2015

FIRST GOLD COAST CORP.
d/b/a Gold Coast Trading Co.
Defendant *pro se*

By: _____
Title: PRESIDENT

Dated: New York, New York
      September __, 2015

By: _____
DANIEL AHENKORA
Defendant *pro se*

SO ORDERED:

_____
Edgardo Ramos, U.S.D.J
Dated: 10/7/2015
New York, New York