**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

FIRST GOLD COAST CORPORATION
D/B/A GOLD COAST TRADING
COMPANY, KWABENA ASAMOAH
ADJEI, CHRISTOPHER AHENKORA, and
MICHAEL AHENKORA,

                Defendants.

~~[PROPOSED]~~ ORDER AND JUDGMENT

No. 15 Civ. 7854

WHEREAS, on October 5, 2015, Plaintiff the United States of America (the "United States"), acting on behalf of the United States Department of Agriculture ("USDA"), filed a complaint for injunctive relief against First Gold Coast Corporation d/b/a Gold Coast Trading Company ("First Gold") and Daniel Ahenkora alleging that they had violated the Federal Meat Inspection Act ("FMIA"), 21 U.S.C. § 601 *et seq.*, and the Poultry Products Inspection Act ("PPIA"), 21 U.S.C. § 451 *et seq.*, Dkt. No. 1;

WHEREAS, on October 7, 2015, the Court entered a consent decree (the "Original Consent Decree") that permanently enjoined First Gold, Daniel Ahenkora, and certain related parties from "selling, transporting, offering for sale or transport, or receiving in commerce any uninspected or misbranded poultry, meat, or meat food products required to be inspected, branded, and passed by the USDA" or "engaging in any other conduct that would violate the FMIA, the PPIA, and/or the regulations promulgated thereunder," *see* Original Consent Decree, Dkt. No. 3, ¶ 3;

WHEREAS, the Court entered the Amended Consent Decree on December 3, 2024, that, among other things, retained First Gold as defendant; removed Daniel Ahenkora (who was deceased) as defendant; and added Kwabena Asamoah Adjei, Christopher Ahenkora, and Michael Ahenkora, in their individual capacities, as defendants, *see* Amended Consent Decree, Dkt. No. 6, ¶¶ 4–5 & page 18;

WHEREAS, Paragraph 7 of the Amended Consent Decree provides:

> ***Compliance with FMIA and PPIA***.  Defendants and each and all of their directors, officers, agents, servants, representatives, employees, successors, or assigns, and any and all persons in active concert or participation with them, directly or indirectly, who received actual notice of this Amended Consent Decree by personal service or otherwise, are hereby permanently restrained and enjoined from:
>
> a.  selling, transporting, offering for sale or transportation, or receiving for transportation, any meat, meat food products, poultry, or poultry products required to be inspected and passed by the USDA that have not been inspected and passed by USDA federal inspectors;
> . . .
>
> c.  selling, transporting, offering for sale or transportation, or receiving for transportation adulterated, misbranded, or unlabeled meat, meat food products, poultry, or poultry products, or any meat, meat food products, poultry, or poultry products that do not meet FMIA's or PPIA's labeling and container standards;
>
> . . . .

Amended Consent Decree, Dkt. No. 6, ¶ 7 (footnote omitted);

WHEREAS, Paragraph 11 of the Amended Consent Decree provides:

> ***Labeling.*** Defendants agree to ensure that their products meet all labeling requirements set forth in the FMIA and the PPIA and regulations promulgated thereunder. . . . [I]f Defendants elect to reuse boxes or other packaging materials from federally inspected establishments, Defendants must remove, cover, or otherwise eliminate the mark of federal inspection before reusing the box or other packaging. *See* 9 C.F.R. §§ 317.1, 381.115.

Amended Consent Decree, Dkt. No. 6, ¶ 11;

WHEREAS, Paragraph 12 of the Amended Consent Decree provides:

> ***Mandatory Training.***   Within sixty (60) days of the date of the entry of this Amended Consent Decree by the Court, Defendants and all of their current employees must complete training and education in the FMIA and PPIA statutes and regulations, including requirements regarding labeling, sanitation, food safety, and product handling. Defendants must submit a written description of the training and educational program they propose to implement, along with a copy of all training and educational materials, delivery methods, and training schedules, no later than twenty (20) days prior to conducting such training and instruction to the FSIS Enforcement Operations Staff ("EOS") Director for review and approval. Defendants must implement this training for all new employees within five (5) working days of their commencement of employment. Defendants and their employees must complete this training on an annual basis and must ensure that adequate records of such training and educational programs are available to FSIS personnel for review and/or copying immediately upon request.

Amended Consent Decree, Dkt. No. 6, ¶ 12 (footnote omitted);

WHEREAS, Paragraphs 16 and 17 of the Amended Consent Decree provide for financial penalties to be paid by Defendants if they violate the Amended Consent Decree, *see* Amended Consent Decree, Dkt. No. 6, ¶¶ 16–17;

WHEREAS, on July 18, 2025, Defendant Kwabena Asamoah Adjei signed a statement admitting, among other things, that (1) on or about June 26, 2025, First Gold sold 120 pounds of turkey products that were misbranded and mislabeled and that did not receive the benefit of federal inspection and (2) First Gold never completed the training requirements set forth in Paragraph 12 of the Amended Consent Decree, *see* Statement of Kwabena Asamoah Adjei, dated July 18, 2025;

WHEREAS, the conduct admitted to in the July 18, 2025, statement of Defendant Kwabena Asamoah Adjei includes violations of Paragraphs 7(a), 7(c), 11, and 12 of the Amended Consent Decree, giving rise to an obligation by Defendants to pay a substantial financial penalty under Paragraphs 16 and 17;

WHEREAS, the Government seeks payment of $60,000.00 in penalties for the June 26, 2025, sale of 120 pounds of misbranded, mislabeled, and uninspected turkey products and

$60,500.00 in penalties for Defendants' failure to comply with the Amended Consent Decree's training requirements for a period of 45 days, for the reasons stated in the Government's motion and supporting declaration;

WHEREAS, the Government reserves the right to assert that Sunny Coast African Caribbean Market, LLC, located at 2110 Cortelyou Road in Brooklyn, New York, is a successor to and alter ego of First Gold; is subject to the provisions of the Amended Consent Decree; and is jointly and severally subject to and liable for financial penalties under this Order and Judgment; but the Government does not seek a ruling to that effect at this time;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      On or about June 26, 2025, First Gold sold 120 pounds of turkey products that were misbranded and mislabeled and that did not receive the benefit of federal inspection and First Gold never completed the training requirements set forth in Paragraph 12 of the Amended Consent Decree. This conduct violates Paragraphs 7(a), 7(c), 11, and 12 of the Amended Consent Decree.

2.      Judgment is entered in favor of the United States and against Defendants, jointly and severally, in the amount of $120,500.00.

3.      Defendants are ordered to contact Assistant U.S. Attorney Mark Osmond within 14 days of receiving notice of this Order and Judgment to present a plan for coming into compliance with the training requirements in Paragraph 12 of the Amended Consent Decree.

4.      The Government may provide notice by sending a copy of this Order and Judgment to Defendants' counsel at the email and postal addresses listed for her in the Amended Consent Decree (Dkt. No. 6 at 18).

4

SO ORDERED:

_____
HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE


Dated:        June 26, 2026
              New York, New York